Williams, C. J.:
The plaintiff in error caused a sewer to be constructed along one of its streets, and levied an assessment for the cost thereof on certain lots of the defendant in error, abutting on the street. The assessment was made by the front foot, and at the rate of two dollars per foot. The entire value of the lots after the sewer was • completed, as found by the circuit court, did not exceed one-half of the amount of the assessment so levied. The lots are vacant, lying on a hill side that slopes to the street at an angle of forty-five degrees, and in regard to the possibility of any practical benefit resulting to them from the sewer, as a means of drainage, or otherwise, there was conflict in the evidence.
*87 By the judgment below, the reversal of which is here sought, the assessment was enjoined to the extent that it was in excess of twenty-five per cent, of the value of the lots after the improvement was made, and the case presents the question whether an assessment for the construction of a sewer is subject to the limitation prescribed by section 2271,of the Revised Statues,which is, that: “In cities of the first grade of the first class, and in corporations in counties containing a city of the first grade of the first class, the tax or assessment especially levied or assessed upon any lot or land for any improvement shall not, except as provided in section 2272, exceeded twenty-five per cent, ■of the value of such lot or land after the improvement is made, and the costs exceeding that per cent, shall be paid by the corporation out of its general revenue.” The only improvements excepted from the operation of the above provision, by section 2272, are the improvements of streets made on the petition of three-fourths of the owners of property abutting thereon.
The whole subject matter of a ssessments for public improvements by municipal corporations,including sewers, is provided for in chapter 4,of division 7, of the Revised Statutes. The subject is there arranged under sub-divisions, the first of which under the head of “assessments in general” contains many general provisions applicable, and intended to apply to all assessments made under it and the following sub-divisions, of the chapter, including sewers. Section 2271, is found in this first sub-division, and its language above quoted is clear and explicit, and in plain terms denies to the municipal corporation the power to make any valid assessment in excess of the per cent, named, on any lot or *88 land, for any improvement not made on the requisite petition according to the succeeding section; and the limitation it imposes, it is conceded must control assessments made for the construction of sewers, unless they are taken out of its operation by some other statutory provision. That result, it is claimed is accomplished by sections 2380, and 2384, found in the sub-division relating to sewers; the former of which provides, that the assessment for a main sewer “shall not exceed the sum that would; in the opinion of the council, be required to construct an ordinary street sewer, or,drain, of sufficient capacity to drain or sewer the abutting lots or lands,” and no lots or lands “shall be assessed that do not need local drainage, or which are then provided therewith;” while section 2384, contains the provision that: “In no case shall the assessment exceed the sum of two dollars per front foot on the property assessed. ”'
The proposition advanced by counsel for the plaintiff in error, as stated in the brief, is that: “where two sections of the Revised Statutes apply to the same subject matter, one or both should be so limited as to give force and effect to both;” from which it is argued that the effect of the special restriction on assessments for sewers prescribed by section 2384, is to exclude the application of section 2271, to them, for the reason that both cannot have application. The propositon may be accepted as sound, without admitting the consequences supposed to flow from it. We recognize it to be a well settled rule of statutory interpretation that: “Where a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the *89 general one;” and hence “if there are two acts, or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general, and would, if standing alone, include it also; and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision.” Endlieh on Inter. Stat., section 216; Sedwick on Stat. and Const. Law,'section 652. Maxwell on Inter, of Stat. p. 202, Second Ed. It is an equally well established rule, that the provisions of a statute are to be construed in connection with all laws in pari materia, and especially with reference to the system of legislation of which they form a part, and so that all the provisions may, if possible, have operation according to their plain import. It is to be presumed that a code of statutes relating to one subject, was governed by one spirit and policy, and intended to be consistent and harmonious, in its several parts. And where,in a code or system of laws relating to a particular subject, a general policy is plainly declared, special provisions should, when possible, be given a construction which will bring them in harmony with that policy. And it is only when, after applying' these rules in the endeavor to harmonize the general and particular provisions of a statute, the repugnancy of the latter to the former is clearly manifest, that the intention of the legislature as declared in the general language of the statute is superseded. Reading* sections 2271 and 2384, side by side, we find no incompatibility or inconsistency in their provisions, nor any difficulty in the application *90 of both to assessments made for the construction of sewers. Taken together, and giving effect to both when applied to sewer assessments, they constitute a plain legislative declaration that such assessments shall in no case exceed twenty-five per cent, of the value of the property on which they are laid, nor amount to more than two dollars per foot front of the property; and any assessment in excess of either shall be invalid. The limitation imposed by the latter section is in addition to that prescribed by the former one. It seldom occurs that the real benefits derived by abutting property from any local improvement amounts to twenty-five per cent, of its value; it is often much below that amount; and the benefits of the improvement are largely shared and enjoyed by the general public, without bearing’ any of the burden. The local benefits which the abutting property is supposed to receive from the improvement are often uncertain, sometimes wholly illusive, while the burden is both certain and substantial, which, however onerous, must be borne by the owner and his property.- The general policy of the statute with respect to all assessments, it is obvious from section 2271 is, that not more than one-fourth of the owner’s estate shall be taken for any single improvement; and having declared that general policy, it is not to be presumed there was an intention to change or abandon it in the subsequent provision of section 2384. If such change had been intended, it could, and doubtless would have been expressed in clear and unambiguous terms; and not being so expressed, proper interpretation requires, as we have seen, that the general policy shall be allowed to control. And there is no good reason why it should not. Nor, does any appear why the owner *91 should be compelled to contribute his whole estate for the benefit of the public in the construction of a public sewer, when not more than one-fourth of it can be exacted for any other municipal improvement. When the whole estate is taken, wherein consists his special benefits, or any benefits differing from those enjoyed by the general public? Obviously there can be none, And if the owners’ entire property were allowed to be taken to pay for any public improvement, we should have in a new form, a repetition of the abuses under the old constitution, of making compensation for property taken for a public use with specious benefits supposed to be derived by the owner from the contemplated public use. At all events, it is the declared .policy of our legislation that an owner who contributes one-quarter of his estate in abutting lots for the construction of a municipal improvement whose benefits are shared in some degree, at least,. by the public, as well as by himself, bears his full proportion of the public burden in that respect. Ordinarily an assesment for a sewer at the rate of two dollars per front foot will fall much below that proportion, but any assessment to be valid must be within that limit.
Another principle applicable here, leads to the same conclusion. The rule generaly prevails that, independent of any legislative requirement on the subject, statutes imposing taxes and public burdens of that nature are to be strictly construed ; and where there is ambiguity which raises a doubtastothelegislativeintent, that doubt must be resolved in favor of the subject or citizen on whom the burden is sought to be imposed. We have an express statutory requirement that proceedings with respect to assessments of all kinds *92 shall be strictly construed in favor of the owner of the property assessed, as to the limitations on the amount of the assessment. Revised Statutes, section 2327.
The further claim is made by the plaintiff in error, that section 2271, is unconstitutional; being, it is said, a law of a general, nature not having uniform operation throughout the state, and therefore in contravention of section 26, article 2, of the constitution. That the power to construct sewers and levy assessments for their cost may be appropriately conferred on municipal corporations is not questioned ; and legislation applicable to classes of such corporations as they are designated in the statute under consideration, has been uniformly sustained by the decisions of this court, and so often, that we deem it unnecessary to enter upon the discussion of the question here. There is nothing in any recent decision of the court which is in conflict with former adjudications on this- question»

Judgment affirmed.